UNITED STATES DISTRICT COURT
WESTERN DISCTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br>LAWRENCE L. THOMPSON,<br>Defendant | NO.  CR 14-212 RSL<br><br>Defendant Thompson's SR Revocation Memo<br><br>Hearing Date:  12/16/21 at 11:30 a.m. |

**Introduction**

We anticipate that Lawrence Thompson will admit to the 6 pending violations set forth in the series of Petitions/Supplemental Petitions in this case, leaving the sole issue of punishment as the focus of our hearing.

These Violations are as follows:

1. Failing to report for UA testing 3x in September 2021;

2. Using Methamphetamine on 10/15/21;

3. Using Methamphetamine on 10/26/21;

4. Using Fentanyl around 10/26/21 and 10/31/21;

5. Failure to participate in mental health treatment around 10/28/21

6. Failure to participate in substance abuse treatment around 10/29/21

SR Revocation Memo　　　　　　　　　　　1　　　　　　　　　　　PHIL BRENNAN, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 20432
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Seattle, WA 98102
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(206) 372-5881

During our last/similar hearing in September 2021, this Court sentenced Mr. Thompson to time served, and indicated Mr. Thompson would not fare as well on a return trip to Court for further violations.  Mr. Thompson recognizes his failings, appreciates the Court's/USPO's concern for him, and asks for a sentence of 2 months incarceration and termination of Supervision.  Mr. Thompson is not giving up on his quest to remain sober and excel in life, but feels continued Supervision does not benefit anyone.

**Facts**

Mr. Thompson served an 84-month sentence for possession/intent to distribute methamphetamine.  Mr. Thompson began the instant 3-year term of Supervision on 7/17/20.  See 8/31/21 USPO Memo, p. 1.  During our last hearing on 9/8/21, he was sentenced for 10 SR violations (which he admitted to) covering the past year.  The first 6 violations involved drug use/failure to attend treatment, etc.  See Docket Entry 45, 53 (Petitions for 1-6) and 58, 66 (admissions to 1-6).  Violation #7 involved his failure to participate in halfway house placement (Docket Entry 67 and 70) and Violations 8-10 involved similar conduct (illegal drug use/missed UA's spanning January 2021 to August 2021).  See Docket Entry 87, violations 8, 9, 10.  This Court imposed a sentence of "time served" which amounted to roughly 33 days (the time he spent at the FDC awaiting the revocation hearing).  See Docket 70, 75, 81.  This Court also ordered a term of 22 months Supervision.  Id.

SR Revocation Memo     2     PHIL BRENNAN, Esq.
P.O. Box 20432
Seattle, WA 98102
(206) 372-5881

The new/instant 6 SR Violations involve Mr. Thompson's continued drug use, and a frightening trip to the ER after overdosing on Fentanyl in late October 2021 related to Violation #3. See Violation See Docket 95 (10/20/21 Petition for Violations 1-2); Docket 100 (3-6). Mr. Thompson made his initial appearance on 11/19/21 and was ordered detained.

Mr. Thompson will tell the Court that he once again socialized with friends he should avoid; they supplied him with drugs, and he ingested them. While he maintains he did not intend to ingest Fentanyl (Violation 3), he socialized with friends who are drug users, and this fraternization only serves to worsen his drug addiction and land him back in court.

Mr. Thompson continues to struggle with an assortment of health issues, which are so bad that he has a hard time walking and tolerating the pain. He has a supportive mother who wants her son to remain sober, and will help him achieve this goal. The consensus of virtually everyone is that Mr. Thompson needs inpatient treatment, but the health care system/government programs thus far have failed to meet this need. Mr. Thompson remains hopeful he will find placement.

Mr. Thompson wishes to emphasize that he has not committed any new crimes while on the instant term of Supervision, other than his illegal drug use.

SR Revocation Memo     3     PHIL BRENNAN, Esq.
P.O. Box 20432
Seattle, WA 98102
(206) 372-5881

**Discussion**

**A.     The Statute and USSG**

Title 18 USC 3583(e) authorizes the Court to revoke supervision if a preponderance of the evidence reveals a violation of supervision. <u>See</u> Id (sub para 2-4).  The Court may impose incarceration, the latter of which may involve prison time, or an alternative to incarceration, such as electronic home monitoring.  18 USC 3583(e)(3-4).  In deciding how to punish a violation, the Court is guided by many of the same 3553 factors it considered during the original sentencing.  <u>See</u> 18 USC 3583 (e).  The Federal Rules of Evidence do not apply to supervised release violation hearings.  <u>US v. Walker</u>, 117 F.3d 417, 421 (9th Cir. 1997).

USSG 7B1.3(a)(2) gives the court similar leeway.  The instant violations, like those last time, are Grade C.  As such, the court may, but is not required to, revoke supervision and impose a sentence of imprisonment. We agree with Probation's calculations regarding the advisory range in this case (7-13 months for a CH of V).  See USSG 7B1.4.

In lieu of incarceration, the Court may extend the term of supervision, or modify conditions.  See USSG 7B1.3(a)(2).

The USSG also allows for home confinement if additional supervision is imposed.  How much of the incarceration may be served on home confinement depends on the minimum range of time the defendant faces.  In our case, the minimum range is more than 6 months and therefore the USSG allow up to ½ of the

incarceration time to be substituted with home confinement or community custody. USSG 7B1.3(c)(2).

The USSG are advisory and therefore the line in the sand drawn with regard to how much time may be spent on home confinement is not mandatory (if Thompson's minimum range was 6 months or less, the USSG places no limit on how of his incarceration he could serve at home). The advisory nature of the USSG is particularly true with regard to Chapter 7 (SR violations), since Chapter 7 is comprised of "policy statements," which carry even less weight than the "guidelines" contained in Chapters 2-5 which the Court follows when imposing the original sentence for the underlying crime. See USSG 7, Pt. A, para. 1 and 3. Thus, as with the entirety of the USSG, there is no presumption that range for these SR violations is reasonable, or that the precise formula for home confinement/incarceration must be followed. In other words, if the Court imposes 4 months incarceration with Supervision to follow, nothing prevents this Court from allowing Mr. Thompson to spend 3 of these months at home.

**Recommendation**

We ask that Mr. Thompson be sentenced to a term of 2 months incarceration, with no further supervision to follow. If the Court imposes further supervision, we ask that he be allowed to serve a portion of his sentence on home confinement. See USSG 7B1.3(c).

Mr. Thompson appreciates the efforts of USPO Cowles, who he finds to be a caring and supportive Probation Officer.  He feels this Court has been equally supportive.  But Mr. Thompson feels he will not reap the benefits of further Supervision and that this Court's limited resources are better spent on others.  He is a drug addict, and we maintain long-term BOP incarceration, particularly in the pandemic, does not benefit societal needs.

Respectfully submitted this date.

By: /s/Phil Brennan_____
PHIL BRENNAN, WSBA #25711*
Attorney for Mr. Thompson; Date:  12/9/21

*Certificate of Delivery
I certify under penalty of perjury that today I filed this document on ECF and emailed a copy to USPO Cowles.